KEVIN P. BLOCK (121329)
*kb@winelawyers.com*
ROMAN BLOCK (306966)
*rb@winelawyers.com*
BLOCK & BLOCK LLP
1109 Jefferson Street
Napa, California 94559
Telephone: (707) 251-9871
Telefax: (707) 251-0368

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

|  |  |
|---|---|
| STEFAN BOKAIE; CAROL BOKAIE; SURINDER UPPAL; MARIE UPPAL; GURJIWAN UPPAL; PATRICK WARD; BRENDA WARD; NEERA BHANDARI; and SANDEEP BHANDARI,<br><br>Plaintiffs,<br><br>v.<br><br>GREEN EARTH COFFEE LLC, a California limited liability company; CARLOS ZAMBRANO, an individual; FLYING ROOSTER, LLC a California limited liability company; EXCHANGE BANK, a California corporation; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.: 3:18-cv-5244<br><br>**VERIFIED COMPLAINT**<br><br>**1. Racketeer Influenced and Corrupt Organizations Act (28 U.S.C. §§ 1962(c), 1964(c))**<br><br>**2. Racketeer Influenced and Corrupt Organizations Act (28 U.S.C. §§ 1962(d), 1964(c))**<br><br>**3. Unlawful Business Practice (Cal. Bus. & Prof. Code § 17200)**<br><br>**4. Nuisance**<br><br>**5. Nuisance Per Se**<br><br>**6. Drug Abatement Act (Cal. Health & Safety Code § 11570)**<br><br>**7. Violation of Sonoma County Code (SCC 1.7-2)** |

VERIFIED COMPLAINT

**INTRODUCTION**

1.      This action seeks relief for residents of the Herrerias Way neighborhood in Sonoma County who are being driven from their homes by noxious odors and noise emanating from a nearby commercial cannabis grow operating in violation of federal, state and local law. Sonoma County has issued orders to abate the operation but has failed to take any enforcement action.  Plaintiffs therefore sue the owners and operators of the illegal enterprise, the owner of the property where the enterprise operates, and the property owner's lender under the Racketeer Influenced and Corrupt Organizations Act ("RICO") for causing injury to plaintiffs' property by growing, processing, distributing and selling cannabis in violation of the federal Controlled Substances Act and laundering the proceeds of those crimes.  Plaintiffs also seek injunctive relief under California's Unfair Competition Law and Drug Abatement Law; damages for nuisance and nuisance per se; and damages, injunctive relief, costs and attorneys' fees under the Sonoma County Code, which grants plaintiffs a private right of action to sue for violations of the County's zoning and building rules.

**JURISDICTION AND VENUE**

2.      This Court has original jurisdiction under 18 U.S.C. § 1331 over plaintiffs' RICO claims, which are brought under 18 U.S.C. § 1964.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to this action took place in Sonoma County, California.

**PARTIES**

4.      Plaintiffs Stefan and Carol Bokaie, Surinder and Marie Uppal, Patrick and Brenda Ward, and Neera and Sandeep Bhandari are natural persons who own and reside on real property located on Herrerias Way in Sonoma County, California.

5.      Plaintiff Gurjiwan Uppal is the nephew of Surinder and Marie Uppal and a paraplegic who resides with and is under the care of his aunt and uncle on Herrerias Way.

- 2 -

6.      Defendant Green Earth Coffee LLC ("Green Earth") is a California limited liability company with its principal place of business at 3062 Adobe Road in Sonoma County, California (the "Adobe Road Site").  Plaintiffs are informed and believe and on that basis allege that Green Earth is in the business of growing, processing, distributing and selling cannabis and cannabis products, and leases the Adobe Road Site from defendant Flying Rooster, LLC for that purpose.

7.      Plaintiffs are informed and believe and on that basis allege that defendant Carlos Zambrano ("Zambrano") holds an ownership interest in defendant Green Earth.

8.      Defendant Flying Rooster, LLC ("Flying Rooster") is a California limited liability company with its principal place of business in Healdsburg, California and owns the Adobe Road Site.  Plaintiffs are informed and believe and on that basis allege that Flying Rooster knowingly leased the Adobe Road Site to Green Earth for the purpose of establishing and conducting an illegal cannabis business there, and knowingly receives proceeds therefrom.

9.      Defendant Exchange Bank ("Exchange Bank") is a California corporation operating as a commercial bank chartered by the State of California, with its principal place of business in Santa Rosa, California and is a financial institution within the meaning of 31 U.S.C. § 5312(a)(2).  Plaintiffs are informed and believe and on that basis allege that Exchange Bank, or its predecessor-in-interest, loaned money to Flying Rooster for the purpose of purchasing and developing the Adobe Road Site, and now holds a deed of trust and assignment of rents on that property.  Plaintiffs are further informed and believe and on that basis allege that Exchange Bank was and is aware that the Adobe Road Site is being used for the operation of an illegal cannabis enterprise; has knowingly allowed the enterprise to continue to operate, although it has the legal authority under its deed of trust and assignment of rents to terminate such operation; and has knowingly received, taken a security interest in and engaged in financial transactions with the proceeds from the enterprise's illegal activity.

10.     Defendant Does 1 through 25 are principals, investors, managers, directors, officers, agents, employees, partners, joint venturers, lenders, suppliers and others who have owned, directed, controlled, participated in, done business with, or otherwise facilitated, acted in concert

or conspired with defendants Green Earth, Zambrano, Flying Rooster and Exchange Bank to fund, establish, operate and launder proceeds from a cannabis enterprise at the Adobe Road Site. Plaintiffs are currently unaware of the names and capacities of the Doe defendants and therefore designate them by fictitious names. Plaintiffs will seek to amend this complaint when the true names and capacities of such defendants are discovered. Plaintiffs are informed and believe and on that basis allege that all of the Doe defendants are liable in some manner for the wrongful conduct alleged in this complaint.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

### The Legal Status of Cannabis
### Under Federal, State and Local Law

11.     Since 1970, the most significant federal statute regulating cannabis has been the Controlled Substances Act (21 U.S.C. §§ 801 *et seq*.) ("CSA"). At all times relevant to this complaint, cannabis has been listed under the CSA as a Schedule I controlled substance, which identifies drugs that have no currently accepted medical use and a high potential for abuse (21 U.S.C. § 812(b)(1)).

12.     The CSA prohibits a wide range of activities related to cannabis. It makes it illegal, for example, to (a) knowingly or intentionally grow, manufacture, distribute or possess cannabis (21 U.S.C. § 841); (b) knowingly use, maintain or profit from cannabis-related premises, whether as an owner, lessee, occupant or mortgagee (21 U.S.C. § 856); (c) possess or distribute equipment, chemicals, products or material with the intent of using them to grow or produce cannabis (21 U.S.C. § 843(a)); (d) use a telephone, mail, e-mail or the Internet to further the manufacture or sale of cannabis (21 U.S.C. § 843(b)-(c)); and (e) reinvest or launder cannabis proceeds or knowingly facilitate or engage in financial transactions with such funds (21 U.S.C. §§ 1956(a), 1956(h), 1957(a)). The CSA imposes severe fines and extended prison terms for violations (21 U.S.C. § 841(b)).

- 4 -

13.     In September 2015, the California Legislature enacted the Medical Marijuana Regulation and Safety Act ("MMRSA"), which instituted a comprehensive licensing and regulatory scheme for the cultivation, manufacture, distribution and sale of medical cannabis.

14.     In December 2016, Sonoma County (the "County") adopted Ordinance No. 6189 (the "Cannabis Ordinance"), which established local permitting rules for medical cannabis.   The Cannabis Ordinance provides that no one may commercially grow, manufacture, distribute or sell medical cannabis without first obtaining a County cannabis permit, as well as such building, grading, electrical and other local permits as may be necessary.

15.     In November 2016, California voters approved Proposition 64, the Adult Use of Marijuana Act ("AUMA"), which legalized recreational cannabis and instituted a comprehensive licensing and regulatory scheme for its cultivation, manufacture, distribution and sale.

16.     In June 2017, California adopted the Medicinal and Adult Use Cannabis Regulation and Safety Act ("MAUCRSA"), combining the licensing and regulatory frameworks for medical and recreational cannabis into a single law.  MAUCRSA, like its predecessors, requires that anyone intending to grow, manufacture, distribute or sell cannabis must first obtain both a state license and a local permit.

17.     Thus, at all times relevant to this complaint, the cultivation, processing, distribution and sale of cannabis were and are serious crimes under federal law and were and are illegal under state law and the Sonoma County Ordinance unless they are carried out pursuant to and in accordance with the terms of (1) a state cannabis license and (2) a local cannabis permit.

**Defendants' Moro Street
and Adobe Road Cannabis Operations**

18.     In or about 2017, defendants Green Earth and Zambrano began a commercial cannabis cultivation operation at 6697 Moro Street in Sonoma County (the "Moro Street Site"). They constructed approximately 17 15 x 80-foot enclosed greenhouses (called "hoop houses") for cultivation purposes and connected them to a source of electricity, presumably to provide heat, light and/or ventilation.

19.     Defendants did not obtain a County cannabis permit before they commenced commercial cannabis cultivation at the Moro Street Site, nor did they obtain building or electrical permits as required by the Sonoma County Code.

20.     In or about February 2018, the County issued notices of violation and orders to abate ("Stop Notices"), directing defendants to abate the violations by removing the greenhouses and electrical work and ceasing cannabis cultivation unless and until they obtain the required permits.

21.     In or about March 2018, Green Earth and Zambrano abandoned the Morro Street Site and moved their operation to 3062 Adobe Road (the "Adobe Road Site"), which they leased from defendant Flying Rooster.  They once again constructed approximately 40 greenhouses, connected them to electricity, and began cannabis cultivation without obtaining permits.

22.     Plaintiffs are informed and believe and on that basis allege that, to commence their operation at the Adobe Road Site, Green Earth and Zambrano purchased, shipped, installed, stored and utilized equipment and supplies for the purpose of cultivating, processing, distributing and selling cannabis on a commercial scale.  Said equipment and supplies included metal or plastic frames and translucent polyethylene for the construction of greenhouses, electrical generators, lighting, fans, climate control equipment, plumbing and irrigation equipment, cannabis plants, planting beds and containers, soil and other planting media, gasoline or diesel fuel, fungicides, fertilizers, pest control equipment and supplies, hand tools, trimming and processing equipment, scales, packaging materials, and two large shipping containers used for storage.

23.     On or about May 15, 2018, the County issued courtesy notices to defendant Flying Rooster, owner of the Adobe Road Site, informing it of the Code violations on the property and providing Flying Rooster with an opportunity to remedy the violations prior to the initiation of Code enforcement proceedings.

24.     On or about May 29, 2018, the County conducted an inspection of the Adobe Road Site and found that none of the violations identified in the courtesy notices had been remedied.  The County thereupon served on defendant Flying Rooster and posted at the property two

- 6 -

Stop Notices: one for commercial cannabis cultivation without a permit and another for the un-permitted greenhouses, containers and electrical work.  Despite the passage of nearly three months since the Stop Notices were issued, the County has yet to take any enforcement action against the violators.  Defendants continue to operate their unlawful cannabis grow at the Adobe Road Site with impunity.

**The Impact of the Illegal Grow on<br>
<u>Plaintiffs and Their Property</u>**

25.     Plaintiffs Bokaie, Uppal, Ward and Bhandari own homes on Herrerias Way in un-incorporated Sonoma County, which they purchased between 2005 and 2015, long before de-fendants began growing cannabis nearby.  Herrerias Way is a dead-end street surrounded by vineyards.  Before defendants established their commercial cannabis operation less than 1,000 feet from plaintiffs' homes, plaintiffs spent considerable time in their front and back yards, gar-dening, swimming, barbequing, entertaining friends and family and enjoying the surrounding beauty.

26.     Beginning in or about April 2018, noxious odors have been emanating from de-fendants' illegal cannabis grow at the Adobe Road Site and enveloping the Herrerias Way neigh-borhood.  The skunk-like stench of cannabis now pervades plaintiffs' homes, inside and out, making it impossible for plaintiffs to enjoy their yards or let fresh air into their homes by open-ing the windows.  Plaintiff Bokaies' teenage son has stopped playing basketball in his driveway because of the sickening cannabis odor.  Inside, the acrid smell permeates draperies, furniture, carpeting and clothing.  When the odor is particularly strong, plaintiffs cannot enjoy being in their homes, even with the windows shut.

27.     The stench of cannabis makes some of the plaintiffs sick or exacerbates their medical conditions.  Plaintiff Gurjiwan Uppal ("Gurjiwan") is a paraplegic.  He is continuously connected through a tube in his throat to a forced-air tank mounted on the back of his electric wheelchair.  The smell of cannabis irritates his nose and throat, making him cough and causing a build-up of phlegm which clogs his breathing tube.  When that happens, family members must

- 7 -

manually pump the phlegm from the tube so that he can breathe.  Family members must remain near Gurjiwan at all times to guard against the risk of suffocation.

28.     Gurjiwan used to spend much of his day outside in the family's yard, one of the few pleasures he experienced in life given his condition and an important activity for his emotional well-being.  Since the commencement of defendants' cannabis operation, because of the smell, Gurjiwan is able to spend little or no time outdoors most days.

29.     Plaintiff Brenda Ward suffers from asthma, which was diagnosed five years ago.  Her doctor regularly monitors her condition for which she uses multiple inhalers.  The constant smell of cannabis in and around her home has exacerbated her breathing difficulties.  She is now forced to use a rescue inhaler frequently for acute episodes of coughing and wheezing.

30.     After several hours exposure, the smell emanating from defendants' cannabis grow makes plaintiff Carol Bokaie nauseous and gives her a burning feeling in her nose and on her upper gums.  If she leaves a single window open, she experiences a burning feeling in her lungs, which her physician attributes to lung irritation from an airborne contaminant.  She cannot remain at home for prolonged periods and must leave the neighborhood periodically to stop the burning sensation and avoid feeling ill.

31.     Defendants' commercial cannabis grow is also loud.  Defendants continuously operate a generator near to the Adobe Road Site, approximately 300 feet from the Bokaie home, presumably to power lights and other equipment.  The generator is loud, can easily be heard on plaintiffs' property, and has run all day and all night since the end of June 2018, interfering with plaintiffs' sleep and depriving them of the sense of serenity they previously felt at home.

## FIRST CLAIM FOR RELIEF
### Violation of RICO
### 18 U.S.C. § 1962(c)

32.     The Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. §§ 1961-1968) creates a private right of action for any person injured in his or her business or property by reason of a violation of 18 U.S.C. § 1962.  Section 1962(c) makes it unlawful for any person em-

- 8 -

ployed by or associated with any enterprises engaged in, or the activities of which affect, inter-state commerce, to conduct or participate, directly or indirectly, in the conduct of such enter-prise's affairs through a pattern of racketeering activity.

33.     Beginning in or about 2017, defendants Green Earth, Zambrano, Flying Rooster, Exchange Bank and the Doe defendants, all of whom are persons within the meaning of 18 U.S.C. § 1961(3), formed an association-in-fact enterprise within the meaning of 18 U.S.C. § 1961(4) by establishing contractual and other relationships with each other and otherwise collab-orating to develop the Adobe Road Site for the commercial cultivation, processing, distribution and sale of cannabis (the "Cannabis Enterprise").  Said association-in-fact enables the defendants to more efficiently achieve their collective purpose.  Beginning in or about March 2018, said en-terprise commenced operations at the Adobe Road Site.

34.     Funding, goods and services procured by the Cannabis Enterprise, including the equipment and supplies described in paragraph 22 of this complaint, have moved in interstate commerce.  Plaintiffs are informed and believe and on that basis allege that the enterprise sells or distributes cannabis and cannabis products in interstate commerce.

35.     Each of the defendants has conducted and participated in the conduct of the af-fairs of the Cannabis Enterprise through a pattern of racketeering activity by committing more than two related and continuous acts of racketeering, as defined in 18 U.S.C. § 1961(1), during the past two years through the ongoing cultivation, processing, distribution and sale of cannabis, a Schedule I controlled substance, in violation of the Controlled Substances Act ("CSA").

### Defendants Green Earth and Zambrano

36.     Defendants Zambrano and the Doe defendants are owners and managers of de-fendant Green Earth, and acting together with and through Green Earth, collectively manage the affairs of the Cannabis Enterprise.

37.     Green Earth and Zambrano and the Doe defendants have conducted or partici-pated in the conduct of the affairs of the Cannabis Enterprise by committing the following acts of racketeering, among others:

- 9 -

(a)     cultivating, processing, distributing, or dispensing cannabis, and possessing cannabis with intent to process, distribute or dispense it, in violation of 21 U.S.C. § 841;

(b)     possessing and distributing equipment, chemicals, products and materials knowing, intending or having reasonable cause to believe they will be used to grow or produce cannabis in violation of 21 U.S.C. § 843(a));

(c)     using a telephone, mail, e-mail and the Internet to further the cultivation and sale of cannabis in violation of 21 U.S.C. § 843(b)-(c));

(d)     knowingly using, leasing, renting, maintaining and managing the Adobe Road Site for purposes of commercial cannabis cultivation in violation of 21 U.S.C. § 856;

(e)     facilitating or conducting, or attempting to facilitate or conduct financial transactions with proceeds from the Cannabis Enterprises, knowing such proceeds are from an illegal source, in violation of 21 U.S.C. § 1956(a), 1956(h) and 1957(a).

### Defendant Flying Rooster

38.     Defendant Flying Rooster is the owner of the Adobe Road Site, which it has leased to defendant Green Earth with knowledge that the property would be used for commercial cannabis cultivation.  Exercising its authority under the lease, defendant Flying Rooster has authorized the construction of greenhouses and other improvements and consented to the storage and use of chemicals and other hazardous materials for the purpose of commercial cannabis cultivation.  Defendant Flying Rooster, as lessor, has facilitated and ratified the continued operation of the Cannabis Enterprise at the Adobe Road Site with knowledge that it lacks a state cannabis license and a County cannabis permit.

39.     Defendant Flying Rooster has conducted or participated in the conduct of the affairs of the Cannabis Enterprise by committing the following acts of racketeering, among others:

- 10 -

(a)     knowingly leasing, renting, using, maintaining, making available for use, and profiting from the Adobe Road Site as owner for the purpose of commercial cannabis cultivation in violation of 21 U.S.C. § 856;

(b)     using a telephone, mail, e-mail and the Internet to further the cultivation and sale of cannabis in violation of 21 U.S.C. § 843(b)-(c));

(c)     conducting and attempting to conduct financial transactions with proceeds from the Cannabis Enterprise, knowing such proceeds are from an illegal source, in violation of 21 U.S.C. § 1956(a), 1956(h) and 1957(a).

## Defendant Exchange Bank

40.     Defendant Exchange Bank holds the loan used by Flying Rooster to purchase the Adobe Road Site, which loan is secured by a deed of trust and assignment of rents.  Exchange Bank has continued to finance the property even after learning that it is being used for commercial cannabis cultivation, and has done so in part by taking a security interest in Cannabis Enterprise rent.  Exchange Bank has received and continues to receive proceeds from the Cannabis Enterprise via loan service payments from Flying Rooster with knowledge of their illegal source and has conducted and continues to conduct financial transactions with such proceeds.  Exchange Bank has ratified the continued use of the Adobe Road Site for commercial cannabis cultivation by waiving Flying Rooster's default under the deed of trust, which requires that the property be used in compliance with applicable laws, including the federal Controlled Substances Act.

41.     Defendant Exchange Bank has conducted or participated, directly or indirectly, in the conduct of the affairs of the Cannabis Enterprise by committing the following acts of racketeering, among others:

(a)     using a telephone, mail, e-mail and the Internet to further the cultivation and sale of cannabis in violation of 21 U.S.C. § 843(b)-(c));

(b)     knowingly managing, controlling, making available for use and profiting from the Adobe Road Site, as mortgagee, for the purpose of commercial cannabis cultivation in violation of 21 U.S.C. § 856;

- 11 -

(c)     facilitating or conducting, or attempting to facilitate or conduct, financial transactions with the proceeds from the Cannabis Enterprise, knowing such proceeds are from an illegal source, in violation of 21 U.S.C. § 1956(a), 1956(h) and 1957(a).

42.     Plaintiffs are informed and believe and on that basis allege that each of the defendants has conspired with some or all of the other defendants to commit the acts of racketeering set forth above in violation of 21 U.S.C. § 846.

43.     Defendants Green Earth, Zambrano and the Doe defendants have signaled their intent to continue to engage in racketeering by applying to the County of Sonoma for a cannabis permit, indicating that their pattern of racketeering threatens to continue indefinitely.

44.     Defendants' operation of the Cannabis Enterprise through repeated acts of racketeering has directly and proximately injured plaintiffs' property. The Cannabis Enterprise emits loud noises and foul odors that envelop and permeate plaintiffs' property, thereby interfering with plaintiffs' use and enjoyment of their homes and diminishing the homes' present market value by making them less attractive to potential buyers. The open and ongoing commission of federal crimes near plaintiffs' homes further diminishes their market value by causing potential buyers to fear associated criminal activity or by otherwise making the homes less attractive to potential buyers.

## SECOND CLAIM FOR RELIEF
### Violation of RICO
### 18 U.S.C. § 1962(d)

45.     Plaintiffs incorporate by reference the allegations of the preceding paragraphs.

46.     Plaintiffs are informed and believe and on that basis allege that each of the defendants has conspired with some or all of the other defendants, in violation of 18 U.S.C. § 1962(d), to commit the acts of racketeering set forth in paragraphs 37, 39 and 41 of this complaint and have committed overt acts of racketeering in furtherance of said conspiracy.

47.     Said conspiracy and the overt acts taken in furtherance thereof have directly and proximately caused injury to plaintiffs' property by facilitating the establishment and operation of the Cannabis Enterprise, which interferes with plaintiffs' use and enjoyment of their homes

through the emission of foul odors and loud noises and diminishes the present market value of said homes by making them less attractive to potential buyers.  Defendants' open and ongoing conspiracy to commit federal crimes near plaintiffs' homes further diminishes their market value by causing potential buyers to fear associated criminal activity or by otherwise making the homes less attractive to buyers.

**THIRD CLAIM FOR RELIEF**
**Unlawful Business Practice**
**California Business & Professions Code § 17200**

48.     Plaintiffs incorporate by reference the allegations of the preceding paragraphs.

49.     California's Unfair Competition Law ("UCL") prohibits "any unlawful, unfair or fraudulent business act or practice" (Cal. Bus. & Prof. Code § 17200).  A business practice is unlawful for purposes of the UCL if it violates an independent federal, state or local law, whether civil or criminal.  Thus, the UCL "borrows" violations of other laws and makes them independently actionable as unlawful business practices.

50.     Defendants have violated and are continuing to violate the federal Controlled Substances Act by cultivating, processing, distributing and selling cannabis as described in this complaint.

51.     Defendants have violated and are continuing to violate the California Medicinal and Adult-Use Cannabis Regulation and Safety Act ("MAUCRSA") by cultivating, processing, distributing and selling cannabis without a state license.  MAUCRSA prohibits anyone from engaging in commercial cannabis activity without a state license, provides that unlicensed commercial cannabis remains a crime, and authorizes courts to order the seizure and destruction of cannabis associated with unlicensed activity (Cal. Bus. & Prof. Code § 26038).

52.     Defendants have violated and are continuing to violate the Sonoma County Cannabis Ordinance (as codified in the Sonoma County Code) by cultivating commercial cannabis for recreational use and by doing so without a County permit.  The Sonoma County Cannabis Ordinance prohibits medicinal cannabis cultivation without a permit (SCC 26-88-250(b)-(d), 26-88-254(b)-(d)) and prohibits recreational cannabis cultivation altogether (SCC 26-88-250(c)).

- 13 -

53.     Defendants' violations of federal, state and local law have directly and proxi-mately caused plaintiffs to suffer injury in fact.  Said violations have caused a diminution in the market value of plaintiffs' properties and plaintiffs have incurred cleaning, medical, legal and other expenses as a direct result of defendants' violations.

54.     The UCL provides that any person who engages, has engaged, or proposes to en-gage in an unlawful business practice may be enjoined in any court of competent jurisdiction, and the court may make such orders or judgments as may be necessary to prevent such practice (Cal. Bus. & Prof. Code § 17203).  Plaintiffs respectfully request such relief.

## FOURTH CLAIM FOR RELIEF
### Nuisance

55.     Plaintiffs incorporate by reference the allegations of the preceding paragraphs.

56.     The noise and odors caused by defendants' operation of the Cannabis Enterprise have been and continue to be injurious to plaintiffs' health and offensive to the senses; the noise and odors substantially and unreasonably interfere with plaintiffs' use and enjoyment of their property.  The operation of the Cannabis Enterprise therefore constitutes a nuisance.

57.     The plaintiffs have not consented and do not consent to the Cannabis Enterprise. Each of the plaintiffs regularly experiences feelings of discomfort, anxiety, dismay, distress and annoyance due to the noise and stifling odors emitted by the Cannabis Enterprise.

58.     As a direct and proximate result of said nuisance, plaintiffs have been damaged in their health and well-being and the value of their properties has been substantially diminished.

59.     When defendants established the Cannabis Enterprise at the Adobe Road Site, they knew that doing so without permits was illegal based on the Stop Orders issued by the County at the Moro Street Site.  Defendants failed to remedy the same violations at the Adobe Road Site even after the County provided them with a courtesy notice.  Defendants therefore acted willfully, maliciously and in conscious disregard of plaintiffs' rights in reestablishing the Cannabis Enterprise at the Adobe Road Site, entitling plaintiffs to an award of punitive damages.

- 14 -

60.     Plaintiffs have no plain, speedy or adequate remedy at law for the ongoing loss of the use and enjoyment of their property caused by the noise and odors emanating from the Cannabis Enterprise and are therefore entitled to injunctive relief.

**FIFTH CLAIM FOR RELIEF**
**Nuisance Per Se**

61.     Plaintiffs incorporate by reference the allegations of the preceding paragraphs.

62.     Defendants have operated and continue to operate the Cannabis Enterprise without the building, electrical and cannabis permits required by the Sonoma County Code (the "Code").

63.     The Code provides that any continuing Code violation is a public nuisance (SCC § 1-7(b)).  It specifically provides that any unpermitted building or structure, unauthorized use of land, or cannabis cultivation without a permit is a public nuisance (SCC § 26-88-252(a)(1)), 26-92-220).

64.     Because the operation of the Cannabis Enterprise without required permits is declared by law to be a nuisance, the Cannabis Enterprise is a nuisance per se, which may be enjoined without proof of harm to plaintiffs or their property.

65.     When defendants established the Cannabis Enterprise at the Adobe Road Site, they knew that doing so without permits was illegal based on the Stop Orders issued by the County at the Moro Street Site.  Defendants failed to remedy their violations at the Adobe Road Site even after the County provided them with a courtesy notice.  Defendants therefore acted willfully, maliciously and in conscious disregard of plaintiffs' rights in reestablishing the Cannabis Enterprise at the Adobe Road Site, entitling plaintiffs to an award of punitive damages.

66.     Plaintiffs have no plain, speedy or adequate remedy at law to redress defendants' nuisance per se and are therefore entitled to injunctive relief.

VERIFIED COMPLAINT

## SIXTH CLAIM FOR RELIEF
### Drug Abatement Law
### (Cal. Health & Safety Code § 11570)

67.     Plaintiffs incorporate by reference the allegations of the preceding paragraphs.

68.     Cannabis is still listed as a Schedule I controlled substance under the California Controlled Substances Act (Cal. Health & Safety Code § 11054(d)(13)) and commercial cannabis activity without a local permit and state license is still a crime under California law (Cal. Bus. & Prof. Code § 26038(c)).

69.     The California Drug Abatement Law provides that any place used for unlawfully selling, serving, storing, keeping, manufacturing, or giving away any controlled substance, and every building wherein such acts occur, "is a nuisance which shall be enjoined, abated and prevented, and for which damages may be recovered, whether it is a public or private nuisance" (Cal. Health & Safety Code § 11579).

70.     The Drug Abatement Law grants plaintiffs the right to maintain an action in their own name "to abate and prevent the nuisance and to perpetually enjoin the person conducting or maintaining it, and the owner, lessee, or agent of the building or place in or upon which the nuisance exists from directly or indirectly maintaining or permitting the nuisance" (Cal Health & Safety Code § 11571).

71.     The Drug Abatement Law authorizes the Court to issue a restraining order or injunction to abate and prevent the continuance or recurrence of the nuisance (Cal. Health & Safety Code § 11573(a)), and plaintiffs respectfully request such relief.

## SEVENTH CLAIM FOR RELIEF
### Violation of Sonoma County Code
### (SCC § 1-7.2)

72.     Plaintiffs incorporate by reference the allegations of the preceding paragraphs.

73.     The Sonoma County Code grants to any person injured by specific Code violations a private right of action for damages, injunctive relief, costs and attorneys' fees (SCC § 1-7.2).  Among such violations are the erection and maintenance of buildings or structure without a

- 16 -

building permit (SCC § 7-5), the unpermitted installation of electrical work (7-13), and the use of land in any manner or for any purpose other than those authorized by the Code (26-92-200(a)).

74.     By their unlawful operation of the Cannabis Enterprise at the Adobe Road Site, defendants have committed and are continuing to commit the violations specified above, causing injury to plaintiffs and their property.

75.     Plaintiffs respectfully request that this Court enjoin the continued operation of the Cannabis Enterprise and award plaintiffs damages, costs and attorneys' fees as authorized by the Sonoma County Code.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiffs pray for the following relief against defendants, and each of them:

**On the first claim for relief (RICO):**

1.     For three times the damages to plaintiffs' property caused by defendants' racketeering activity in an amount to be proven at trial;

2.     For an award of costs and attorneys' fee;

3.     For such other and further relief as the Court may deem just and proper.

**On the second claim for relief (RICO):**

1.     For three times the damages to plaintiffs' property caused by defendants' racketeering activities in an amount to be proven at trial;

2.     For an award of costs and attorneys' fee;

3.     For such other and further relief as the Court may deem just and proper.

**On the third claim for relief (Unlawful Business Practice):**

1.     For an order restraining and enjoining defendants and those acting in concert with them from continuing to maintain and operate the Cannabis Enterprise;

2.        For an order directing the appropriate federal authorities to remove the tangible assets of the Cannabis Enterprise and store them at a secure location until said authorities can determine whether to initiate forfeiture proceedings;

3.        For an order directing that defendants pay the cost of such removal and storage pending the forfeiture determination;

4.        For costs and attorneys' fees as may be allowed by law;

5.        For such other and further relief as the Court may deem just and proper.

**On the fourth claim for relief** (Nuisance):

1.        For an order restraining and enjoining defendants and those acting in concert with them from continuing to maintain and operate the Cannabis Enterprise;

2.        For an order abating the odor emanating from the Cannabis Enterprise and the un-permitted structures and electrical work erected and installed in connection therewith;

3.        For an award of damages, in an amount to be proven at trial, to compensate plaintiffs for loss of the use and enjoyment of their property and their discomfort, annoyance and mental and emotional distress resulting from defendants' operation of the Cannabis Enterprise;

4.        For an award of punitive damages;

5.        For costs and attorneys' fees as may be allowed by law;

6.        For such other and further relief as the Court may deem just and proper.

**On the fifth claim for relief** (Nuisance Per Se)

1.        For an order restraining and enjoining defendants and those acting in concert with them from continuing to maintain and operate the Cannabis Enterprise;

2.        For an order abating the odor emanating from the Cannabis Enterprise and the un-permitted structures and electrical work erected and installed in connection therewith;

3.        For an award of damages, in an amount to be proven at trial, to compensate plaintiffs for loss of the use and enjoyment of the property;

4.        For an award of punitive damages;

5.        For costs and attorneys' fees as allowed by law;

- 18 -

6.      For such other and further relief as the Court may deem just and proper.

**On the sixth claim for relief** (Drug Abatement Law):

1.      For an order restraining and enjoining defendants and those acting in concert with them from using the Adobe Road Site to cultivate, process, distribute or sell cannabis;

2.      For an order restraining and enjoining defendant Flying Rooster, its successors-in-interest and those acting in concert with them from leasing or otherwise allowing the Adobe Road Site to be used for the cultivation, processing, distribution or sale of cannabis;

3.      For an order directing defendant Flying Rooster to notify any prospective purchaser, lender or lessee of the existence of said order and its continuing application prior to entering into any agreement to sell, encumber or lease the Adobe Road Site;

4.      For an order directing removal from the Adobe Road Site of all fixtures and moveable property used in conducting, maintaining, aiding, or abetting the maintenance and operation of the Cannabis Enterprise and directing their sale in the manner provided by law;

5.      For an award of costs and attorneys' fees as may be allowed by law;

6.      For an order directing that the award of costs and attorneys' fees shall be a lien upon the Adobe Road Site;

7.      For such other and further relief as the Court may deem just and proper.

**On the seventh claim for relief** (Violation of Sonoma County Code):

1.      For an order restraining and enjoining defendants and those acting in concert with them from continuing to maintain and operate the Cannabis Enterprise;

2.      For an order abating the odor emanating from the Cannabis Enterprise and the unpermitted structures and electrical work erected and installed in connection therewith;

3.      For an award of damages, in an amount to be proven at trial, to compensate plaintiffs for injuries suffered as a result of defendants' violations of the Sonoma County Code;

4.      For an award of punitive damages as may be allowed by law;

5.      For costs and attorneys' fees;

6.     For such other and further relief as the Court may deem just and proper.


August 27, 2018

Kevin Block
Roman Block
BLOCK & BLOCK LLP
Attorneys for Plaintiffs

VERIFIED COMPLAINT

<u>VERIFICATION</u>

I am a party to this action and have read the foregoing verified complaint and know its contents.  The matters stated in the verified complaint are true based on my knowledge, except as to matters stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 23, 2018 in Petaluma, California.

_____
STEFAN BOKAIE

VERIFICATION

I am a party to this action and have read the foregoing verified complaint and know its contents.  The matters stated in the verified complaint are true based on my knowledge, except as to matters stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 23, 2018 in Petaluma, California.


_____
CAROL BOKAIE

1

2

<u>VERIFICATION</u>

3

      I am a party to this action and have read the foregoing verified complaint and know its

4

contents.  The matters stated in the verified complaint are true based on my knowledge, except as

5

to matters stated on information and belief, and as to those matters I believe them to be true.

6

      I declare under penalty of perjury under the laws of the United States of America that the

7

foregoing is true and correct.

8

      Executed on August 23, 2018 in Petaluma, California.

9

10

11



12

                  SURINDER UPPAL

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>VERIFICATION</u>

I am a party to this action and have read the foregoing verified complaint and know its contents.  The matters stated in the verified complaint are true based on my knowledge, except as to matters stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 23, 2018 in Petaluma, California.


_____
MARIE UPPAL

VERIFICATION

<u>VERIFICATION</u>

I am a party to this action and have read the foregoing verified complaint and know its contents.  The matters stated in the verified complaint are true based on my knowledge, except as to matters stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 23, 2018 in Petaluma, California.



PATRICK WARD

<u>VERIFICATION</u>

I am a party to this action and have read the foregoing verified complaint and know its contents.  The matters stated in the verified complaint are true based on my knowledge, except as to matters stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 23, 2018 in Petaluma, California.


*Brenda Ward*
BRENDA WARD

1
2

<u>VERIFICATION</u>

3
4
5

I am a party to this action and have read the foregoing verified complaint and know its contents.  The matters stated in the verified complaint are true based on my knowledge, except as to matters stated on information and belief, and as to those matters I believe them to be true.

6
7

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

8

Executed on August 23, 2018 in Petaluma, California.

9
10
11
12

_____
NEERA BHANDARI

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>VERIFICATION</u>

I am a party to this action and have read the foregoing verified complaint and know its contents.  The matters stated in the verified complaint are true based on my knowledge, except as to matters stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 23, 2018 in Petaluma, California.


_____

SANDEEP BHANDARI

VERIFICATION