UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEFAN BOKAIE, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>GREEN EARTH COFFEE LLC, et al.,<br><br>    Defendants. | Case No. 18-cv-05244-JST<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**<br><br>Re: ECF Nos. 17, 18 |

Plaintiffs Stefan and Carol Bokaie, Patrick and Brenda Ward, Sandeep and Neera Bhandari, and Surinder and Marie Uppal, along with their nephew Gurjiwan Uppal, filed this case alleging civil claims for (1) violation of the Racketeer Influenced and Corrupt Organizations Act (RICO) under 18 U.S.C. § 1962(c) and (2) a RICO violation under 18 U.S.C. § 1962(d); as well as (3) unlawful business practice under California Business & Professions Code § 17200; (4) nuisance; (5) nuisance per se; (6) violation of the California drug abatement law, Health & Safety Code § 11570; and (7) violation of Sonoma County Code § 1-7.2, which establishes a private right of action for violation of certain building, zoning, and public health regulations. ECF No. 1 ¶¶ 4-5, 32-75. Defendants are Green Earth Coffee LLC and Carlos Zambrano (collectively "Defendant Cultivators"), the owners and operators of a cannabis growing operation, and their landlord, Flying Rooster, LLC ("Defendant Landlord"). ECF No. 1 ¶¶ 6-8. Plaintiffs allege that this cannabis growing operation violates federal, state, and local law. ECF No. 1 ¶¶ 11-17. They allege that both the odor and noise emanating from the grow operation are intolerable, injure their enjoyment of the property, and lower their property values. They seek several categories of damages and injunctive relief.

Defendant Cultivators and Defendant Landlord[1] now each move to dismiss the RICO claims and the Section 17200 claim. ECF Nos. 17; 18. Because Plaintiffs fail to adequately allege the injury to business or property required by RICO, the Court will grant the motions.

## I.   BACKGROUND

For the purpose of deciding these motions, the Court accepts as true the following factual allegations from the Plaintiffs' complaint.

Plaintiffs are four families who own and reside in properties located on Herrerias Way in Sonoma County. ECF Nos. 1 ¶ 4; 22 at 7. In 2017, Defendant Cultivators began cultivating cannabis at 6697 Moro Street in Sonoma County without obtaining the necessary county cannabis or building permits. ECF No. 1 ¶¶ 18-19. The County issued notices of violation and orders to abate in February 2018. In March 2018, Defendant Cultivators abandoned the Moro Street location and relocated their cannabis cultivation operation to 3062 Adobe Road. *Id*. ¶¶ 20-21. Defendant Landlord leased 3062 Adobe Road to Defendant Cultivators "for the purpose of establishing and conducting an illegal cannabis business." *Id*. ¶ 8. The Adobe Road site is located within one thousand feet of Plaintiffs' homes. *Id*. ¶ 25. On the site, Defendant Cultivators constructed approximately forty greenhouses where they "stored and utilized equipment and supplies for the purpose [sic] of cultivating, processing, distributing, and selling cannabis on a commercial scale." *Id*. ¶¶ 21-22. This equipment included

> frames and translucent polyethylene for the construction of greenhouses, electrical generators, lighting, fans, climate control equipment, plumbing and irrigation equipment, cannabis plants, planting beds and containers, soil and other planting media, gasoline or diesel fuel, fungicides, fertilizers, pest control equipment and supplies, hand tools, trimming and processing equipment, scales, packaging materials, and two large shipping containers used for storage.

*Id*. Defendants did not obtain permits for the Adobe Road location. *Id*. ¶ 21. On May 15, 2018, the County informed Defendant Landlord of several code violations on the property. *Id*. ¶ 23. When the County inspected the property on May 29, 2018, it found that none of the violations

---

[1] At the hearing on this motion, Flying Rooster and Plaintiffs stated that they had reached a settlement in principle. Because the allegations against Flying Rooster remain pending, the Court continues to consider its motion.

were remedied and issued stop notices for the unpermitted cannabis cultivation and greenhouses. *Id*. ¶ 24. Despite the County-issued stop notices, as of August 2018, Defendants continued cultivating cannabis at 3062 Adobe Road. *Id*.

Beginning in April 2018, Plaintiffs have had multiple grievances related to the Adobe Road cannabis cultivation. Id. ¶ 26. "[N]oxious odors" have "envelop[ed]" the neighborhood, and the "skunk-like stench of cannabis now pervades plaintiffs' homes." *Id*. The smell has exacerbated Plaintiffs' medical conditions, causing one Plaintiff, who is paraplegic, to suffer "a build-up of phlegm which clogs his breathing tube." *Id*. ¶ 27. Another Plaintiff, who has asthma, complains of increased breathing difficulties. *Id*. ¶ 29. And another Plaintiff experienced a "burning feeling in her lungs." *Id*. ¶ 30. Plaintiffs complain they can no longer enjoy their homes, either inside or out, due to the smell. *Id*. ¶¶ 25, 26. They state that the noise of the generator "interfer[es] with [their] sleep and deprive[s] them of the sense of serenity they previously felt at home." *Id*. ¶ 31. The cannabis cultivation has caused Plaintiffs to "incur[] cleaning, medical, legal, and other expenses." *Id*. ¶ 53. Furthermore, Plaintiffs claim that the foul odors, noise, and fear of "associated criminal activity" caused by the cannabis cultivation have "diminish[ed] their homes' present market value by making them less attractive to potential buyers." *Id*. ¶¶ 44, 47.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." While a complaint need not contain detailed factual allegations, facts pleaded by a plaintiff must be "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter to, when accepted as true, state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. While this standard is not a probability requirement, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (internal quotation marks and citation omitted). In

3

determining whether a plaintiff has met this plausibility standard, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the plaintiff. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). "Dismissal under Rule 12(b)(6) is appropriate . . . where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). If the motion to dismiss is granted, the court should grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) (internal quotation marks and citation omitted).

## III. REQUEST FOR JUDICIAL NOTICE

As an initial matter, Defendant Landlord asks the Court to take judicial notice of (1) a local authorization letter from Sonoma County, and (2) an administrative abatement order stipulated to by Defendants and the County. ECF No. 25-1 at 2. "While the scope of review on a motion to dismiss is generally limited to the contents of the complaint, under Federal Rule of Evidence 201(b), courts may take judicial notice of facts that are 'not subject to reasonable dispute.'" *Thomas v. Magnachip Semiconductor Corp.*, 167 F. Supp. 3d 1029, 1040 (N.D. Cal. 2016). Permissible subjects of judicial notice include "records of an administrative body." *Jensen v. Cty. of Sonoma*, No. C-08-3440 JCS, 2008 WL 5048203, at *3 (N.D. Cal. Nov. 25, 2008). Plaintiffs do not dispute the authenticity of these records. The Court will take judicial notice of both documents.

## IV. DISCUSSION

### A. RICO CLAIMS

#### 1. Legal Standard

Section 1964(c) of RICO "creates a private civil cause of action that allows '[a]ny person injured in his business or property by reason of a violation of section 1962' to sue in federal district court and recover treble damages, costs, and attorney's fees." *RJR Nabisco, Inc. v. European Cmty.*, 136 S. Ct. 2090, 2097 (2016) (quoting 18 U.S.C. § 1964(c)). At issue here is Section 1962(c) which states:

4

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a *pattern of racketeering activity* or collection of unlawful debt.

18 U.S.C. § 1962 (emphasis added). "To prevail on a civil RICO claim, a plaintiff must prove that the defendant engaged in (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity and, additionally, must establish that (5) the defendant caused injury to plaintiff's business or property." *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1086 (9th Cir. 2002) (citing 18 U.S.C. §§ 1962(c), 1964(c)). Section 1962(d) makes it "unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section." 18 U.S.C. § 1962(d). A defendant has conspired to violate § 1962(c) if the evidence shows that she "knowingly agree[d] to facilitate a scheme which includes the operation or management of a RICO enterprise." *United States v. Fernandez*, 388 F.3d 1199, 1230 (9th Cir. 2004), *modified,* 425 F.3d 1248 (9th Cir. 2005).

RICO was "intended to combat organized crime, not to provide a federal cause of action and treble damages to every tort plaintiff." *Oscar v. Univ. Students Coop. Ass'n,* 965 F.2d 783, 786 (9th Cir. 1992), *abrogated on other grounds by Diaz v. Gates,* 420 F.3d 897 (9th Cir. 2005).

### 2. Analysis

Here, Defendants assert that Plaintiffs' RICO claims fail for four reasons: (1) the Plaintiffs have not alleged a pattern of racketeering; (2) the Plaintiffs have not alleged an injury to their business or property as required under RICO; (3) the damages are too speculative to establish proximate cause as required under RICO; and (4) the Plaintiffs lack standing because they were not targeted by illegal activity.

#### a. Pattern of Racketeering Activity

The Court first addresses Defendants' claim that Plaintiffs have not alleged a pattern of racketeering activity. The RICO statute defines "racketeering activity" to include:

> dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), which is chargeable under State law and punishable by imprisonment for more than one year . . . or the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled

substance or listed chemical (as defined in section 102 of the Controlled Substances Act), punishable under any law of the United States.

18 U.S.C. § 1961(1). A "pattern of racketeering activity," as defined by the statute, "requires at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years" of the former. 18 U.S.C. § 1961(5). "[T]o prove a pattern of racketeering activity a plaintiff or prosecutor must show that the racketeering predicates are related, *and* that they amount to or pose a threat of continued criminal activity." *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239 (1989).

"'Continuity' is both a closed- and open-ended concept, referring either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition." *Id*. at 241. "A party alleging a RICO violation may demonstrate continuity over a closed period by proving a series of related predicates extending over a substantial period of time." *Id*. at 242. Acts that only extend "over a few weeks or months and threaten[] no future criminal conduct do not satisfy this requirement." *Id*. When there is not yet a sufficient pattern of activity, the question shifts to "whether the *threat* of continuity is demonstrated." *Id*. Open-ended continuity can be shown where there is a "specific threat of repetition extending indefinitely," "the predicate acts or offenses are part of an ongoing entity's regular way of doing business," or "the predicates can be attributed to a defendant operating as part of a long-term association that exists for criminal purposes." *Id*. at 242-43.

Here, Plaintiffs allege that Defendants violated the federal Controlled Substances Act, 21 U.S.C. §§ 801 *et seq.*, by "growing, processing, distributing, and selling cannabis and cannabis products." ECF Nos. 1 ¶¶ 6-8; 22 at 8. By definition, growing or dealing in cannabis constitutes racketeering under 18 U.S.C. § 1961(1). *See id.* (defining "racketeering activity" to include "felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance"); 21 U.S.C. § 841 (criminalizing the manufacture, distribution, dispensing, or possession of controlled substances including marijuana).

The Court rejects Defendants' characterization that the Plaintiffs allege only one RICO predicate act, "the cultivation of cannabis." *See* ECF No. 17 at 20. Plaintiffs have alleged multiple predicate acts related to growing cannabis at both the 6697 Moro Street and 3062 Adobe

Road sites, including the sale and distribution of cannabis in interstate commerce. *See, e.g.*, ECF No. 1 ¶¶ 33-34. Plaintiffs allege that the cannabis operation began on Moro Street in 2017 and was relocated to the present location on Adobe Road in March 2018. ECF No. 1 ¶¶ 18, 21. *See Ouwinga v. Benistar 419 Plan Servs., Inc.*, 694 F.3d 783, 795 (6th Cir. 2012) (holding the "pattern" requirement was satisfied where plaintiffs alleged that defendants made multiple misrepresentations to them over a multi-year period).

Defendants next contend that Plaintiffs have failed to allege sufficient continuity to satisfy RICO's pleading requirements. In their complaint, Plaintiffs allege that cannabis cultivation was ongoing, and that the Defendant Cultivators had applied for a cannabis permit that would allow them to continue their cannabis operation. ECF No. 1 ¶¶ 24, 43. Defendant Landlord, who owns the Adobe Road property, allegedly entered the lease in the knowledge that Green Earth was establishing a cannabis cultivation operation. ECF No. 1 ¶ 8. Defendants argue that there is no open-ended continuity because they entered into an agreement with Sonoma County that requires them to "discontinue all commercial cannabis cultivation activities on the [3062 Adobe Road] Property no later than November 15, 2018." ECF No. 17-1 at 5. But the "fortuitous interruption of criminal acts does not preclude a finding of open-ended continuity." *Allwaste, Inc. v. Hecht*, 65 F.3d 1523, 1529 (9th Cir. 1995) (citing *United States v. Busacca*, 936 F.2d 232, 238 (6th Cir. 1991)). Even though Defendants describe the agreement as "voluntary," ECF No. 24 at 11, it is clear even from their own memoranda that they ceased operations only because the County required them to do so. ECF No. 17-1 at 2.

Nor does it matter that Defendants' cannabis growing has now ceased. Open-ended continuity is determined based not on whether activity is literally ongoing at the present time, but on whether at the time of the activity there was a "threat of repetition." *H.J. Inc.*, 492 U.S. at 242; *see Allwaste, Inc.*, 65 F.3d at 1530 (finding open ended continuity where "the predicate acts could have recurred indefinitely" "if [the defendants] had not been fortuitously interrupted"). Here, the complaint suggests that Defendants' activity was their "regular way of doing business." *See H.J. Inc.*, 492 U.S. at 242. Accordingly, the Court finds that Plaintiffs have sufficiently alleged open-ended continuity.

Defendant Cultivators also contend that there is no closed-ended continuity because they

7

moved their cultivation from the Moro Street property to the Adobe Road property. ECF No. 17 at 21. However, moving the location of the alleged racketeering activity does not relieve Defendant Cultivators of liability.

Lastly, Defendant Landlord claims that since it was not involved with any activity at the Moro Street location, Plaintiffs have not sufficiently alleged a pattern of racketeering against it. ECF No. 25 at 7. The Court need not address this argument because the Court has found that the Plaintiffs have plausibly alleged open-ended continuity.

### b. Injury to Business or Property

Under RICO, a "plaintiff only has standing if . . . he has been injured in his business or property by the conduct constituting the violation." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985). "RICO's private cause of action [is limited] to particular kinds of injury – excluding, for example, personal injuries." *RJR Nabisco, Inc.*, 136 S. Ct. at 2108. A plaintiff must demonstrate two things: harm to a "property interest and [a] financial loss." *Diaz v. Gates*, 420 F.3d 897, 900 (9th Cir. 2005). Determining whether there is "harm to a specific business or property interest [is] a categorical inquiry typically determined by reference to state law." *Id*.

In *Oscar*, the Ninth Circuit found that "personal discomfort and annoyance" caused by a "nuisance on adjoining property" is a personal injury and "not a claim for an injury to property as section 1964(c) requires." *Oscar*, 965 F.2d at 787. "[W]hereas harm to the physical condition or value of land is a tangible injury to property, the diminution of enjoyment . . . is a distinct personal injury in the form of emotional distress." *Ainsworth v. Owenby*, 326 F. Supp. 3d 1111, 1123 (D. Or. 2018). "To demonstrate injury for RICO purposes, plaintiffs must show proof of concrete financial loss, and not mere injury to a valuable intangible property interest." *Ove v. Gwinn*, 264 F.3d 817, 825 (9th Cir. 2001); *see Canyon Cty. v. Syngenta Seeds, Inc.*, 519 F.3d 969, 975 (9th Cir. 2008) (affirming that the Ninth Circuit "requires that a plaintiff asserting injury to property allege 'concrete financial loss'").

Here, Plaintiffs have pleaded multiple injuries, including "sickening cannabis odor" and loud noise, that are properly categorized as personal injuries and thus are not compensable under RICO. ECF No. 1 ¶¶ 26-31. In *Oscar*, the Ninth Circuit found that "personal discomfort and annoyance [caused] by a nuisance on adjoining property . . . is at core an intangible personal

8

injury, not a financial loss to property." *Oscar*, 965 F.2d at 787.[2] Plaintiffs' diminished "sense of serenity," ECF No. 1 ¶ 31, is analogous to the lost "peace of mind" in *Oscar*: "even when it flows from a valuable property interest[, it] is a personal injury," 965 F.2d at 787. Likewise, the Plaintiffs' "cleaning, medical, legal, and other expenses" stem from personal injuries and are not compensable under RICO.[3] ECF No. 1 ¶ 53; *see Ainsworth*, 326 F. Supp. 3d at 1123 ("[E]xpenses for firearms, fencing, gates, and security cameras derive from personal injuries and are therefore not compensable under RICO.").

Plaintiffs also plead a diminution in the market value of their homes. ECF No. 1 ¶¶ 44, 47. Cultivator Defendants contend that a *potential* decrease in property value is not actionable under RICO. ECF No. 24 at 14. However, Plaintiffs characterize the Defendants' violations as "diminishing the homes' *present* market value by making them less attractive to potential buyers." ECF No. 1 ¶ 44 (emphasis added). "California law protects the legal entitlement to both current and prospective contractual relations." *Diaz*, 420 F.3d at 900. Thus, damages to future interests may be cognizable under RICO. *See id.* at 900-01 (finding that while "[t]here may be a practical difference between current and future employment for purposes of RICO – for instance, it may be easier to prove causation or determine damages for a plaintiff who has lost current employment – this difference is not relevant to whether there was an injury to 'business or property'"). Whether present or future, diminution in fair market value of one's home is injurious to a property interest, as required under RICO. *See Oscar*, 965 F.2d at 786 (suggesting that "one might measure an owner's loss by the diminution in fair market value").

However, under California law "a plaintiff in a *continuing* nuisance case may not recover diminution in value damages [because] the '[p]laintiff would obtain a double recovery if she could recover for the depreciation in value and also have the cause of that depreciation removed.'" *Gehr*

---

[2] Contrary to Plaintiff's suggestion, *Diaz* did not overrule *Oscar* on this point. ECF No. 22 at 17. *Diaz* did abrogate *Oscar*'s holding that only a plaintiff suffering "concrete financial loss" can allege a sufficient injury to business or property. *Diaz*, 420 F.3d at 899-900. But *Diaz* left standing – and quoted with approval – Oscar's holding that allegations of "personal discomfort and annoyance" constitute personal injuries, not injuries to "business or property" within the meaning of the RICO statute. *Diaz*, 420 F.3d at 898-99.
[3] Plaintiffs allege for the first time in their opposition brief that they have incurred costs related to air conditioning. ECF No. 22 at 11. While the Court does not consider allegations made outside the complaint, air conditioning expenses would likely fall into the category of personal expenses.

*v. Baker Hughes Oil Field Operations, Inc.*, 165 Cal. App. 4th 660, 668 (2008) (quoting *Spaulding v. Cameron*, 38 Cal. 2d 265, 269 (1952)) (emphasis added); *see also Santa Fe P'ship v. ARCO Prods. Co.*, 46 Cal. App. 4th 967, 975 (1996) (concluding that "a plaintiff-landowner cannot recover damages for future or prospective harm, including damages for diminution in value, in a case where the nuisance is deemed to be continuing and abatable").

> [I]f a nuisance is a use which may be discontinued at any time, it is considered continuing in character and persons harmed by it may bring successive actions for damages until the nuisance is abated. . . . Recovery is limited, however, to actual injury suffered prior to commencement of each action. Prospective damages are unavailable.

*Santa Fe P'ship*, 46 Cal. App. 4th at 976. The cannabis cultivation at Adobe Road is a continuing nuisance that the Defendants agreed to abate no later than November 15, 2018 (and in fact have now abated). ECF No. 25-1 at 8. While Plaintiffs have alleged a diminution in present market value of their homes, because the nuisance has been abated and the cause of the depreciation has been removed, Plaintiffs have not sufficiently pleaded an injury to property.

Because the Court concludes that Plaintiffs have not alleged RICO injury, it does not reach the question of whether any such injury was proximately caused or whether Plaintiffs were the "intended targets" of Defendants' illegal activity.

### B. Unfair Competition Law Claim

Defendants also move to dismiss Plaintiffs' third cause of action under California's Unfair Competition Law ("UCL), Cal. Bus. & Prof. Code § 17200 *et seq.* To bring a UCL claim, the plaintiff must establish that he "has suffered injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204. Thus, the plaintiff must "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., *economic injury*, and (2) show that that economic injury was the result of, i.e., *caused by*, the unfair business practice or false advertising that is the gravamen of the claim." *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 322 (2011). Defendants contend that Plaintiffs have not alleged a compensable economic injury.

The Court disagrees. As the California Supreme Court has noted, "[t]here are innumerable ways in which economic injury from unfair competition may be shown," including a plaintiff's

plausibly alleging that he was "required to enter into a transaction, costing money or property, that would otherwise have been unnecessary." *Kwikset*, 51 Cal. 4th at 323. Unlike with their RICO claim, Plaintiffs' allegation that they were forced to incur "cleaning, medical, legal, and other expenses" stemming from Defendants' conduct, ECF No. 1 ¶ 53, is the kind of "otherwise unnecessary transaction" contemplated by the UCL. *See Law Offices of Mathew Higbee v. Expungement Assistance Servs.*, 214 Cal. App. 4th 544, 548 (2013) (holding that "increased advertising costs" to deal with unfair competitor were among components of cognizable injury); *E. & J. Gallo Winery v. Instituut Voor Landbouw-En Visserijonderzoek*, No. 17-cv-00808-DAD-EPG, 2018 WL 2463869, at *10 (E.D. Cal. June 1, 2018) (plaintiffs' allegation they incurred "security and investigation costs" as a result of defendants' alleged actions sufficient to state injury). Thus, Plaintiffs have pleaded a compensable injury under the UCL.

Defendants' motion to dismiss Plaintiffs' UCL claim is denied.

## CONCLUSION

Because Plaintiffs have failed to adequately allege the injury to business or property required by the RICO statute, the Court grants Defendants' motions to dismiss Plaintiffs' RICO claim without prejudice. Plaintiffs may amend their complaint within 30 days.

**IT IS SO ORDERED.**

Dated: December 27, 2018

_____
JON S. TIGAR
United States District Judge

11